O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTILA ESCAMILLA, | CASE NO. ED CV 09-01361 RZ |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

This matter comes before the Court on Plaintiff Otila Isabel Escamilla's application to reverse the Social Security Commissioner's decision denying her disability benefits. Finding none of Plaintiff's assigned errors persuasive, the Court affirms the decision.[1]

Plaintiff first argues that the Commissioner's delegate, the Administrative Law Judge, failed to consider the physical and mental demands of Plaintiff's past relevant work. The Administrative Law Judge found that Plaintiff could perform her past relevant work as an administrative clerk. [AR 13] Plaintiff's argument is that the Administrative Law Judge did not follow SSR 82-62 that requires, *inter alia*, a finding of fact as to the physical and mental demands of the past job or occupation. In his memorandum to this Court, the

---

[1] The Commissioner is reminded of the requirements of L.R. 11-3.1.1.

Commissioner does not address this argument. Nevertheless, the argument is not persuasive. Although Social Security Rulings bind the administrative law judges within the agency, *Gatliff v. Commissioner of Social Security*, 172 F.3d 690, 692 n.2 (9th Cir. 1999), they are not themselves law, *Paxton v. Secretary of Health and Human Servs.*, 856 F.2d 1352, 1356 (9th Cir. 1988), and a failure to follow them does not necessarily mean that the Administrative Law Judge has violated the law. The legal question instead is whether substantial evidence supports the Commissioner's finding that Plaintiff could perform her past relevant work. 42 U.S.C. § 405(g). Plaintiff does not contend otherwise and, as the Commissioner does argue to this Court, the Vocational Expert testified that, given the sort of residual functional capacity subsequently determined by the Administrative Law Judge, Plaintiff could perform her past relevant work as generally performed in the economy. This stands as substantial evidence in support of the finding. *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988).

Plaintiff's second argument is that the Commissioner should have classified her neck, shoulder and back injuries as severe impairments, not non-severe ones. In this Court, the Commissioner does not argue the issue of severity *vel non*. Rather, he argues that, regardless of the severity of the impairments, the Administrative Law Judge considered them all in reaching his determination of Plaintiff's residual functional capacity. The Court agrees that the Administrative Law Judge did so, because his finding of Plaintiff's residual functional capacity is backed by the orthopedic consultation of Dr. Dorsey. [AR 12-13; AR 379] In that consultation, Dr. Dorsey evaluated Plaintiff's condition as to her shoulder and her back, but nevertheless did not find any orthopedic reason restricting her functioning beyond the limitations which later made up the residual functional capacity. [AR 379] This consultation took place two years after the medical records Plaintiff refers to in her Memorandum in Support of Complaint. Accordingly, any error in improperly classifying certain of Plaintiff's impairments as non-severe was harmless. *Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1056

(9th Cir. 2006) (harmless error in social security cases applies where the error is inconsequential to the ultimate nondisability determination.)

Third, Plaintiff argues that the Administrative Law Judge failed to properly evaluate medical equivalency at Step 3 of the sequential evaluation process. A claimant must offer a plausible theory of how her combination of impairments equals a listing before the failure to consider the issue will be error. *See Lewis v. Apfel*, 236 F.3d 503 (9th Cir. 2001). The Court finds no such theory here. Plaintiff simply states that she has certain impairments, and acknowledges that she might not meet the listings, but does not offer a plausible theory as to how her impairments qualify for equivalent treatment under the listings.

In accordance with the foregoing, the decision of the Commissioner is affirmed.

DATED: March 23, 2010

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE